NOT FOR PUBLICATION                                         (Doc. No. 29)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

———————————————————        :
                                          :
SHEILA CIEMNIECKI,                        :
                                          :
            Plaintiff,                    :
                                          :
                                          :        Civil No. 09-6450 (RBK/KMW)
            v.                            :
                                          :              **OPINION**
PARKER McCAY P.A., et al.,                :
                                          :
            Defendants.                   :
———————————————————        :

**KUGLER**, United States District Judge:

       This matter arises out of a false fire alarm sounded at the law firm of Defendant Parker

McCay P.A.  Plaintiff, a former employee at Parker McCay, was arrested for sounding the alarm

after the firm's Chief Financial Officer, Defendant Ray DiSanto, told police that she was

responsible.  Plaintiff claims that she was falsely accused.  She asserts numerous claims against

Parker McCay P.A. and DiSanto (the "Parker McCay Defendants") and Evesham Township and

the police officers involved in her arrest (the "Evesham Defendants").  This matter comes before

the Court pursuant to the Parker McCay Defendants' motion to dismiss the Evesham

Defendants' cross-claims for contribution and indemnification for failure to state a claim.

Because the Evesham Defendants make no factual allegations in support of their cross-claims,

the Court dismisses them without prejudice.

## I.      BACKGROUND

       For over nine years, Plaintiff worked as a law librarian at Parker McCay and received

positive feedback and reviews.  In January of 2009, she received a meager raise and complained

about it to Parker McCay's Human Resources Manager.  Subsequently, Plaintiff had various confrontations with Parker McCay managers; including an argument with her supervisor that resulted in her supervisor refusing to interact with her any more.

On June 2, 2009, someone activated the fire alarm at Parker McCay's Marlton, New Jersey office where Plaintiff worked.  At the time the alarm was activated, Plaintiff had just finished speaking with an attorney on the fourth floor and was in the hallway on her way back to the library located on the third floor.  Plaintiff returned to the library, grabbed her purse, and evacuated the building with her colleagues.

The following afternoon, DiSanto asked Plaintiff to accompany him to a conference room.  Inside the conference room, Plaintiff was greeted by Parker McCay's Director of Human Resources and two Evesham Township Police Officers, Defendants David Niji and Sean McGinley.  Niji asked Plaintiff if she pulled the fire alarm, and Plaintiff denied doing so.  At this point, she was told that there was a surveillance video showing her pulling the fire alarm. Plaintiff asked to review the video, but her request was denied.  Niji read Plaintiff her Miranda rights, handcuffed her, and placed her under arrest for raising a false public alarm in violation of N.J.S.A. 2A:33-3.  Plaintiff asked DiSanto if she would be able to get her job back upon exoneration.  DiSanto replied that he saw the video and there was no doubt in his mind that Plaintiff pulled the alarm.  Plaintiff was then led out of her workplace past her colleagues flanked by police.

At the station house, Plaintiff underwent ordinary booking procedures, including fingerprinting and photographing.  McGinley filed a criminal complaint with the Burlington County Prosecutor's Office for a violation of N.J.S.A. 2C:33-3(a).  After spending approximately three hours in custody at the station, Plaintiff was released.

Plaintiff has since obtained a copy of the police report.  It indicates that DiSanto contacted the Evesham Police Department the day after the false alarm to tell them that he had additional information.  Specifically, DiSanto told police that he had video footage showing a woman pulling the alarm.  According to the police report, Niji viewed the surveillance tape and stated that he observed Plaintiff activate the alarm.

On June 11, 2009, a regional newspaper known as The Central Record published an article about the incident.  The article named Plaintiff and reported that she had been charged with raising the false alarm at Parker McCay.  After reading the article, several of Plaintiff's friends and a former colleague asked her if there was something wrong with her.

On July 21, 2009, the Burlington County Prosecutor's Office sent a letter to Plaintiff's criminal defense attorney stating that based upon their review of the video they were "clearly satisfied that dismissal of all charges is the appropriate course of action."  On July 28, 2009, the Burlington County Prosecutor issued an administrative dismissal of the charge against Plaintiff.

Plaintiff filed a Complaint against the Parker McCay Defendants, Defendants Evesham Township, Evesham Township Police Department, Niji, McGinley, and The Central Record. The Complaint consisted of fourteen counts.  Counts 1-6 and 14 allege intentional and negligent defamation (slander), invasion of privacy (false light), negligent and intentional infliction of emotional distress, false imprisonment, and prima facie tort against the Parker McCay Defendants.  Counts 7-9, and 14 allege negligent and intentional defamation (libel), invasion of privacy (false light), and prima facie tort against The Central Record.  Counts 10-14 allege violations of the New Jersey and Federal Constitutions and prima facie tort against the Evesham Defendants.

On February 25, 2010, the Parker McCay Defendants made a motion to dismiss the

Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also

on February 5, 2010, the Evesham Defendants filed an Answer containing cross-claims against

all defendants for contribution under New Jersey's Joint Tortfeasors Contribution Law ("JTCL")

and indemnification under "common law principles."  (Evesham Defs. Answer, Cross-Claims

and Demand for Trial by Jury dated Feb. 25, 2010, at 23).  The Evesham Defendants' cross-

claim for contribution stated in its entirety:  "These defendants hereby demand contribution from

all co-defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A-1 et seq."  (Id.).  The

Evesham Defendants' cross-claim for indemnification stated in its entirety:

> The answering defendants, Evesham Township, Evesham
> Township Police Department, Patrolman David Niji and Patrolman
> Sean McGinley, deny negligence or any responsibility whatsoever
> for the acts complained of in the Complaint filed herein.
>     If, in fact, the answering defendants, Evesham Township,
> Evesham Township Police Department, Patrolman David Niji and
> Patrolman Sean McGinley, are found to have any responsibility in
> this matter, then said defendants hereby cross-claim for indemnity
> pursuant to common law principles against all other defendants in
> this action.

(Id.).  On March 1, 2010, The Central Record made its own motion to dismiss for failure to state

a claim.  On March 14, 2010, the Parker McCay Defendants made the instant motion to dismiss

the Evesham Defendants' cross-claim for failure to state a claim under Rule 12(b)(6).  On June 6,

2010, this Court granted The Central Record's motion to dismiss and granted the Parker McCay

Defendants' motion to dismiss only as to Plaintiff's prima facie tort claim.

On March 21, 2010, Plaintiff moved for leave to amend her Complaint based on new

evidence.  Pursuant to a subpoena served on the Burlington County Prosecutor's Office, Plaintiff

obtained video surveillance showing that a man, not Plaintiff, pulled the fire alarm.  Plaintiff

sought leave to amend her Complaint to add these new facts.  She also sought to add a claim of

4

malicious prosecution against the Parker McCay Defendants and claims under the New Jersey

Civil Rights Act against the Evesham Defendants.

On June 17, 2010, this Court approved a Consent Order between the parties dismissing

Defendant Evesham Township Police Department and dismissing Plaintiff's claim for prima

facie tort as to the remaining Evesham Defendants.  On June 8, 2010, the Court granted Plaintiff

leave to file her Amended Complaint provided that Plaintiff not name The Central Record as a

Defendant.  Plaintiff filed her Amended Complaint on June 11, 2010, and the remaining

Evesham Defendants subsequently filed their Answer and cross-claims.  The Evesham

Defendants' cross-claims in response to Plaintiff's Amended Complaint are identical to the

Evesham Defendants' original cross-claims.[1]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v.

Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a claim survives a

---

[1] Technically, the Parker McCay Defendants should have renewed their motion to dismiss the Evesham Defendants' cross-claims after the Evesham Defendants filed their identical cross-claims in response to Plaintiff's Amended Complaint.  However, the Evesham Defendants' cross-claims are word-for-word identical in both their responsive pleadings.  Thus, it is most efficient for the Court to decide the pending motion on the merits rather than deny it on procedural grounds and require the Parker McCay Defendants to re-file the same motion.  See Fed. R. Civ. P.  1 ("These rules govern the procedure in all civil actions . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); see also D&D Assocs. v. N. Plainfield Bd. of Educ., No. 03-1026, 2008 U.S. Dist. LEXIS 43063, at *2 n.1 (D.N.J. May 27, 2008) (deciding motion notwithstanding party's failure to re-file necessary submission based on Rule 1); McGrath v. Poppleton, 550 F. Supp. 2d 564, 574 (D.N.J. 2008) (deciding motion that implicated issues not briefed by the parties because of Rule 1's efficiency mandate; see also Foman v. Davis, 371 U.S. 178, 181-82 (1962) (citing Rule 1 and finding that "[i]t is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").  This approach is consistent with the Rules and avoids unnecessary waste of judicial and litigant resources.

motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making that determination, a court must engage in a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A claim cannot survive where a court can only infer that a claim is merely "possible" rather than "plausible." See id.

The Evesham Defendants argue that Third Circuit's holding in Fowler, which applied the above pleading standard, does not apply to their cross-claims. The Evesham Defendants are incorrect. Rule 8's pleading standard applies to cross-claims made pursuant to Rule 13(g). See Mathis v. Camden Cnty., No. 08-6129, 2009 U.S. Dist. LEXIS 113045, at *34-38, n.14 (D.N.J. Dec. 3, 2009) (applying Rule 8 as interpreted by the Supreme Court in Iqbal and Twomly to cross claims for contribution under the JTCL); see also Conn. Gen. Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 623 (1st Cir. 1988) (applying Rule 8 to a cross-claim asserted pursuant to Rule 13(g)); Ford Motor Co. v. Edgewood Props., No. 06-4266, 2008 U.S. Dist. LEXIS 84776, at *58-60 (D.N.J. Oct. 16, 2008). To state a viable cross-claim, the Evesham Defendants must allege sufficient factual detail to make the claim plausible. Mathis, 2009 U.S. Dist. LEXIS 113045, at *34-38.

### III.     DISCUSSION

#### A.  The Evesham Defendants' Cross-Claim For Contribution

The Parker McCay Defendants argue that the Court should dismiss the Evesham Defendants' cross-claim for contribution because they do not allege facts sufficient to conclude that they are entitled to contribution under the JTCL.  The Court agrees.

Pursuant to the JTCL, "[t]he right of contribution exists among joint tortfeasors." N.J.S.A. 2A:53A-2.  "Joint tortfeasors" are "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."  N.J.S.A. 2A:53A-1.  To state a claim for joint-tortfeasor contribution, the crucial test is "joint liability and not joint, common or concurrent negligence." Cherry Hill Manor Assocs. v. Faugno, 861 A.2d 123, 128 (2004).  Joint liability "is common liability at the time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right."  Id. (quoting Markey v. Skog, 322 A.2d 513, 518 (N.J. Sup. Ct. L. Div. 1974)).  In addition, for purposes of the JTCL, two tortfeasors must cause the "same injury" to the victim.  Id. at 127-28.  This is a necessary element distinct from any cumulative damage the victim may suffer as a result of multiple injuries caused by different tortfeasors.  Id. "Where the pleadings show separate torts, severable as to time and breaching different duties, rather than a joint tort, dismissal of the third-party action is appropriate."  Finderne Mgmt. Co. v. Barrett, 809 A.2d 857, 864 (N.J. Sup. Ct. App. Div. 2002).

In this case, the Evesham Defendants make no attempt to provide factual allegations in support of their contribution claim.  They simply assert in a single conclusory sentence that they "demand contribution from all co-defendants pursuant to" the JTCL.  That conclusory pleading is insufficient to state a claim for contribution.  See Mathis, 2009 U.S. Dist. LEXIS 113045, at

*37 (finding that dismissal of cross-claim for contribution was proper because the cross-claimant did "not assert any specific factual allegations in an effort to satisfy" the JTCL).

Moreover, the Evesham Defendants cannot rely wholesale on Plaintiff's factual allegations in support of their cross-claim for contribution.  Plaintiff asserts separate claims against the Parker McCay Defendants and the Evesham Defendants.  Some of those claims are based on different facts and legal duties.  For example, Plaintiff asserts claims against the Evesham Defendants for violations of her civil rights as protected by the Federal and New Jersey constitutions.  Those same constitutional restrictions and their attendant legal duties do apply to the Parker McCay Defendants as nonstate actors.  Similarly, Plaintiff asserts a claim against the Parker McCay Defendants for wrongful termination of her employment, which obviously implicates legal duties and injuries inapplicable to the Evesham Defendants.  Thus, it is not entirely clear from Plaintiff's allegations to what extent the Evesham Defendants and the Parker McCay Defendants are "joint tortfeasors" within the meaning of the JTCL.  To state a claim for contribution under the JTCL, the Evesham Defendants must allege facts sufficient to establish precisely how and to what extent they and the Parker McCay Defendants are joint tortfeasors.  It is insufficient to simply assert that the Evesham Defendants have a right of contribution from all co-defendants regarding all of Plaintiff's numerous and diverse causes of action.[2]

### B.  The Evesham Defendants' Cross-Claim For Indemnification

The McCay Defendants argue that the Court should dismiss the Evesham Defendants' cross-claim for indemnification because they do not allege facts sufficient to conclude that they are entitled to indemnification under New Jersey law.  The Court agrees.

---

[2] The Court does not make any findings as to whether the Evesham Defendants do or do not have such an all-encompassing right of contribution.  The Court holds only that to state a claim for such a broad right of contribution, the Evesham Defendants must plead facts sufficient to demonstrate that they and the Parker McCay Defendants are joint tortfeasors regarding all of Plaintiff's claims.

Under New Jersey law, "indemnification is available when a party free of fault is held liable for another party's torts due to constructive, secondary, or vicarious liability." Mathis, 2009 U.S. Dist. LEXIS 113045, at *37 (citing Ferriola v. Stanley Fastening Sys., L.P., No. 04-4043, 2007 U.S. Dist. LEXIS 56635, at *6 (D.N.J. Aug. 1, 2007)). "Two different situations can give rise to indemnification: either when a contract expressly provides for it, or when a special legal relationship creates an implied right of indemnity." Id. at *37 (citing Allied Corp. v. Flora, 730 F. Supp. 626, 639 (D.N.J. 1990); Nivins v. Sievers Hauling Corp., 424 F. Supp. 82, 87-88 (D.N.J. 1976)). Legally cognizable relationships include lessor-lessee, principal-agent, or bailor-bailee. See Ferriola, 2007 U.S. Dist. LEXIS 56635, at * 7 (citing Ramos v. Browning Ferris Indus. of S. Jersey, 510 A.2d 1152, 1158-59 (1986)).

Here, the Evesham Defendants allege only that they are entitled to indemnification under "common law principles." They allege no facts to support the conclusion that a "special legal relationship" existed between them and the Parker McCay Defendants. Nor do they allege that the parties had a contractual relationship that requires the Parker McCay Defendants to indemnify the Evesham Defendants. They simply assert in conclusory fashion that they are entitled to indemnification under "common law principles." That sort of pleading is insufficient to state a claim. See Mathis, 2009 U.S. Dist. LEXIS 113045, at *37-38 (dismissing cross-claim for indemnification under New Jersey law because cross-claimant failed to allege any facts demonstrating a contractual or "special legal" relationship).

**IV.     CONCLUSION**

For the foregoing reasons, the Court grants the Parker McCay Defendants' motion to dismiss the Evesham Defendants' cross-claims for contribution and indemnification.  Those claims are dismissed without prejudice.  An appropriate Order shall enter.


Dated: 11/15/10                                  /s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge